```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CCB and RB,

                            Plaintiffs,                      20 Civ. 06794 (RMB)(RWL)

    vs.

                                         STIPULATION AND
St Vincent's Services, Inc., *et al.*,          PROTECTIVE ORDER

                            Defendants.
---------------------------------------------------------X

        WHEREAS, plaintiffs CCB and RB filed this action on August 20, 2020, against Sandra Rosenthal, Elissa Grossinger, Robert Harris, John Olufemi, Nikisha Steele, St. Vincent's Services, Inc., Heartshare St. Vincents Services, Heartshare Human Services of New York, Tracy Wellman, Louis Murray, Toni Taylor, Carmen Smith, Deborah Johnston, Jill Campbell, John Mattingly, and City of New York ("Defendants");

        WHEREAS, the Defendants and the Plaintiff (the "Parties") may in the future seek discovery in this action that would require the production of documents and information that a Party producing documents ("producing Party") deems confidential;

        WHEREAS, this Stipulation and Protective Order is intended to allow a producing Party to designate material as confidential and to limit the use and re-disclosure of such designated material;

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, as follows:

        1. As used herein, "Confidential Material" shall mean (i) any and all documents, or any and all information contained within those documents, containing confidential personal information regarding the Plaintiffs, the Plaintiffs' family members, Plaintiffs' foster family members, and any Defendant's caseworkers, or any Defendant's supervisory staff, (ii) any case files generated or produced by any Defendant or any employee of any Defendant, (iii) any and

all documents included in an employee personnel file of a Party or of an employee of a Party; (iiii) any and all documents pertaining to the employee training of a Party or of an employee of the Party; and (iv) any videotapes, audiotapes and written reports by any Defendant pertaining to this action.

2. Any producing Party may designate a document that it produces or discloses in this action, or information contained within such document, as "Confidential Material" by writing or stamping "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY" on each page containing confidential information that it sends to a receiving Party's attorney ("Receiving Attorney").

3. No document or information contained within those documents shall be deemed "Confidential Material" to the extent that it is (a) properly obtained by the Receiving Attorney from a source other than the producing Party; or (b) otherwise publicly available.

4. The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Confidential Material. Upon receiving reasonable notice from the party producing Confidential Material that has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly.

5. A Receiving Attorney and the party represented by the Receiving Attorney shall not use any document or information properly designated as Confidential Material for any purpose other than for the preparation or presentation of Plaintiff's case in this action, or for the preparation or presentation of a Defendant's defense of this action. A Receiving Attorney shall not produce or disclose Confidential Material to any person, except pursuant to the terms of paragraph "7" below.

6. As used herein disclosure of Confidential Material by a Receiving Attorney includes the written or oral transmission of the document or information designated as Confidential Material.

7. No Receiving Attorney shall disclose any Confidential Material marked "CONFIDENTIAL" to any person, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation of presentation of the action of the party represented by the Receiving Attorney in this action.

b. With regard to Confidential Material designated "CONFIDENTIAL," disclosure may be made only to a Party to this action, to any member of the staff of the Receiving Attorney, to an expert who has been retained or specially employed by the Receiving Attorney, to a claims representative of any insurer or indemnitor of any party, to the original authors, senders, addressees or recipients of the document, to a witness at a deposition, or to the Court, unless the Court rules that there may be further disclosure.

c. With regard to Confidential Material designated "CONFIDENTIAL- FOR ATTORNEY'S EYES ONLY," disclosure may be made only to a member of the staff of the Receiving Attorney, to an expert who has been retained or specifically employed by the Receiving Attorney, to a claims representative or any insurer or indemnitor of any party, to the original authors, senders, addressees or recipients of the document, or to the Court, unless and until the Court rules that there may be further disclosure.

d. Before any disclosure is made to a person listed in subparagraph (b) or (c) above (other than to the original authors, senders, addressees or recipients of the document or to the Court), the Receiving Attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as

Exhibit A, not to use any of the Confidential Material for any purpose other than in connection with the prosecution or defense of this action and not to further disclose the Confidential Material except in testimony taken in this action. The signed consent shall be retained by the Receiving Attorney, and a copy shall be furnished promptly to counsel for the producing Party upon their request, subject to any claims of privilege or attorney work product.

      8. Deposition testimony concerning any Confidential Material which reveals the contents of such material shall be deemed confidential, and the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY." Any portion of a transcript marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" shall be deemed to be Confidential Material within the meaning of this Stipulation and Protective Order. In addition, if any counsel so states before the close of the record at a deposition, specified portions of the transcript shall be deemed designated as Confidential Material. Counsel shall also be permitted to designate any portion of a deposition transcript Confidential Material upon written notice to all counsel, designating the page and line, within fifteen days of receipt of the transcript. Counsel shall not disclose the deposition transcript before expiration of said fifteen day period to any person who has not previously signed the form annexed hereto as Exhibit A.

      9. Any Confidential Material filed or submitted to the Court shall be redacted so that any information protected from public disclosure under federal, state, or local law or regulations is obscured from view. If the Confidential Material in question consists of material from any employee personnel file, any personally identifying information of any employee other than the employee's name (including, but not limited to, the employees social security number, home

address, and personal telephone number(s) shall be redacted so that it is obscured from view. Alternatively, if redaction pursuant to the terms of this paragraph would be impracticable for any reason, the Parties will file an unredacted copy of the Confidential Material under seal. Where possible, only confidential portions of the filings shall be filed under seal. Any unredacted Confidential Material filed under seal shall be filed in envelopes prominently marked with the caption of the case and the following notice:

THIS ENVELOPE CONTAINS CONFIDENTIAL DOCUMENTS SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT AS DIRECTED BY THE COURT.

The Clerk of the Court is hereby directed to accept documents filed under seal in this matter and to maintain the confidentiality of any documents and transcripts of testimony filed under seal.

10. For purposes of this Stipulation and Protective Order, "interested persons" shall mean any non-party who is entitled to the protection of confidentiality over any Confidential Material relevant to this action. If a Party intends to produce Confidential Material during discovery, or offer Confidential Material into evidence in connection with a motion, trial or other proceeding associated with this action, that Party shall inform all interested persons of the intended production or offer a reasonable time in advance so that all interested persons may take such steps as they deem appropriate to preserve the confidentiality of such material.

11. A Receiving Attorney, who believes that a producing Party has designated information "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" that is not entitled to such protection, may write a letter to the producing Party asking that the Confidential Materials designation be removed or modified and explaining the reason(s) why the Receiving Attorney does not believe that the information is entitled to the designated protection.

The producing Party shall have a reasonable time under the circumstances in which to respond to the Receiving Attorney either by removing or modifying the confidentiality designation or by providing the reason(s) why the producing Party believes that the confidentiality designation is proper.  If, after conferring in good faith, the producing Party does not remove or modify the confidentiality designation, the Receiving Attorney may seek relief from the Court.  If such a motion is made, nothing herein shall alter any burden of proof that would otherwise apply.  Any information, documents or things as to which such a motion is served shall continue to be accorded the protection for which they have been designated until the motion is determined, and, if the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" designation is upheld, for as long as the order upholding the designation remains in effect.

      12.  To the extent any federal or state law governing the disclosure or use of Confidential Information requires a Defendant to obtain an order of a court prior to disclosure of such information to Plaintiffs, this Protective Order shall constitute compliance with such requirement.  To the extent any federal or state law governing the disclosure or use of Confidential Information requires a Defendant to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Confidential Information, the Court finds that, in view of the protections provided for the Confidential Information and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Defendants are exempted from obtaining a court-ordered subpoena, having to notify and/or obtain consent from any person or entity prior to the disclosure of Confidential Information, and/or having to provide a certification that notice has been waived for good cause.  To the extent that any Defendant produces documents pursuant to the terms of this paragraph, the Defendant may redact the

names and other identifying information (e.g. date of birth, Social Security number, home address, and foster care identification number) of individuals who are entitled to confidentiality, including but not limited to non-party minor children and /or individuals who reported suspected abuse and/or neglect to the New York Central Register, from such documents and provide only initials for such individuals.  Notwithstanding the above, Defendants shall not disclose nonparties' HIV/AIDS status information, and shall redact any such information from records produced in discovery in this action.

   13.  Except as provided in paragraph 12 above, nothing in thisStipulation and Protective Order is intended to restrict, limit, supercede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

   14.  Except as provide in paragraph 12 above, this Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality. Except as provided in paragraph 12 above, nothing in this Stipulation and Protective Order shall be construed as an agreement by any Party to produce or supply any document, or as a waiver by any Party of its right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.  The Parties acknowledge reliance on this Stipulation and Protective Order in producing information in discovery expeditiously and attempting to minimize potential discovery disputes.

15.  Within 6 days after the termination of this case, including any appeals, any Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for the producing Party or, upon the written consent of the producing Party's counsel, shall be destroyed, except that counsel for the Parties may each retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Materials, which would otherwise be subject to the terms of this paragraph.  Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order."  All receiving Parties or persons who have possessed Confidential Materials shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for the producing Party.

16.  Nothing in this Stipulation and Protective Order shall bar or otherwise restrict counsel for any Party from rendering advice to his client with respect to this action and in the course thereof from relying upon his examination of Confidential Material received from a Producing Party, provide however that in rendering such advice, and in otherwise communicating with his client, such counsel shall not disclose the contents on any Confidential Material received from a producing Party.

17.  Nothing in this Stipulation and Protective Order shall be construed to limit any producing Party's use of the Confidential Materials that it produces in any manner.

18. Except as provided in paragraph 12 above, nothing in this Stipulation and Protective Order shall be construed as abrogating the City Defendants' obligations regarding non-disclosure of information pursuant to New York Social Services Law or any other local, state or federal law.  Except as provided in paragraph 12 above, nothing in this Stipulation and Protective Order shall be construed as abrogating the City Defendant's existing policies, customs or practices seeking to comply with any local, state or federal law regarding non-disclosure of information.

19. Nothing in this Stipulation and Protective Order shall prevent or prejudice any Party from applying to the Court for relief therefore, or from applying to the Court for further protective orders.

20. This Stipulation and Protective Order may be altered or supplemented only by written stipulation of the parties approved by the Court or by order of the Court on motion.

21. This Stipulation and Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

22. Electronic or faxed copies of signatures of this Stipulation and Protective Order shall have the same force and effect as original signatures.

23. The Court retains discretion whether to afford Confidential Treatment to any Confidential Material or information contained in and Confidential Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: New York, New York
       January 13, 2021

| | |
|---|---|
| Bruce A. Young, Esq. | Lansner & Kubitschek |
| 100 Church Street, Suite 800 | 325 Broadway, Suite 203 |
| New York, NY 10007 | New York, NY 10007 |
| BruceAYoung181@gmail.com | Ckubitschek@lanskub.com |
| (646) 775-8894 | (212) 349-0900 |

By: _____   By: _____
    Bruce A. Young, Esq.           Carolyn A. Kubitschek
                          *Plaintiffs' Attorneys*

Rutherford & Christie LLP
*Attorneys for defendants.*
800 Third Avenue, 9th Floor
New York, NY 10022      dsr@rutherfordchristie.com
(212) 599-5799          acg@rutherfordchristie.com

By: _____

SO ORDERED:
                1/13/2021
                _____
                U. S. M. J.

The Parties shall adhere to Judge Lehrburger's rules for filing documents under seal. To the extent there is any conflict between Paragraph 9 above and Judge Lehrburger's rules, the rules will govern.

EXHIBIT A

The undersigned hereby swears under penalty of perjury that I have read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated _____, 2021, in the action entitled CCB and RB v. Rosenthal, et al., 20-CV-06794 (RMB) (RWL) and understand the terms thereof. I agree not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of CCB and RB v. Rosenthal, et al., 20-CV-06794 (RMB) (RWL), and will not further disclose the Confidential Materials except in testimony taken in this case. I aver that l will comply with the terms and conditions of said Stipulation and Protective Order, and in the event that it is contended that I have violated the terms and conditions of said Stipulation and Protective Order, I agree to be subject to the above identified Court's ruling regarding the imposition of appropriate sanctions.

Date: _____          _____
Signature

_____
Printed Name

_____                          Occupation